JIANG LIN, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–5976–ag.

United States Court of Appeals,
Second Circuit.

Nov. 8, 2006.

Jeffrey C. Bloom, New York, NY, for Petitioner.

Terrance P. Flynn, United States Attorney, Western District of New York; Christopher V. Taffe, Assistant United States Attorney, Rochester, NY, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Jiang Lin, a native and citizen of the People's Republic of China, petitions for review of the BIA's decision affirming Immigration Judge ("IJ") William F. Jankun's denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture, and his finding that Lin's application was frivolous. *In re Jiang Lin,* No. A 77 354 514 (B.I.A. Oct. 14, 2005), *aff'g* No. A 77 354 514 (Immig. Ct. N.Y. City June 1, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

■ First, with respect to the frivolousness finding, the BIA and IJ erred by giving cursory attention to the application of the pertinent regulation and relying on a highly unreliable consular report to find a document to be fraudulent. *Yuanliang Liu v. U.S. Dep't of Justice,* 455 F.3d 106 (2d Cir.2006).

■ Moreover, substantial evidence does not support the IJ's adverse credibility determination, which rested primarily on the IJ's finding that Lin had presented a fraudulent abortion certificate. The report in the instant case contained deficiencies similar to those found in *Zhen Nan Lin v. U.S. Dep't of Justice,* 459 F.3d 255, 271–72 (2d Cir.2006). While the investigator indicated that it was she who corresponded with the Changle City Hospital, she neglected to provide both important information about the nature of her communication with the hospital and the hospital's reply to the Government. Consequently, the name and title of the person

with whom the investigator communicated was not divulged, and the consular report contained solely hearsay statements indicating that the stamp on the abortion certificate "did not conform to the real certificate that's issued by the hospital," that there were no records related to the certificate, and that the hospital did not consider the certificate to be authentic. As in *Zhen Nan Lin*, the unidentified hospital representative might have had a strong "motivation to be less than candid" about verifying the occurrence of the abortion allegedly undergone by Lin's wife. *Id.* at 272. The IJ also erroneously found that Lin failed to offer a rebuttal of the Consular Report. The record, instead, shows that Lin objected to the admission of the report because he was unable to verify the identity of the person with whom the investigator communicated or the methods that the investigator used to conduct the investigation.

■ In addition, the IJ improperly assumed that Lin's wife's abortion certificate would not be issued for a forced abortion. The IJ relied on State Department reports that the U.S. Embassy and Consul General were unaware of the issuance of "abortion certificates" for forced abortions. While an IJ may properly question an asylum applicant's abortion certificate when such reports indicate that State Department officials are "unaware" of the Chinese government issuing certificates for involuntary abortions, we have held that such reports "do not automatically discredit contrary evidence presented by the applicant, and they are not binding on the immigration court." *Tian–Yong Chen v. United States INS*, 359 F.3d 121, 130 (2d Cir.2004).

■ The record also does not support the IJ's finding that Lin and his sister provided inconsistent testimony regarding the date of Lin's marriage registration and the date of photos taken in his home village. The IJ did identify some inconsistencies on which he could reasonably have relied in reaching an adverse credibility finding. It is unclear, however, how heavily the IJ would have weighed such discrepancies in the absence of his flawed finding that Lin's abortion certificate was fraudulent. Accordingly, we cannot say that remand to the agency would be futile.[1]

■ As Lin failed to raise the issue of the IJ's denial of his CAT claim in his petition for review, any challenge to the resolution of this issue is deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case REMANDED for further proceedings consistent with this decision. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

1. There may also be error in the IJ's additional findings that Lin failed to establish a "likelihood" that he *personally* would be persecuted if returned to China. But because a remand is necessary in light of the IJ's errors with respect to Lin's wife's abortion, we need not consider these further.